UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

WILLIAM WHELAN, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

ETERNITY BEACHWEAR & MARKET LLC,
a Florida Limited Liability Company, ALISA UNIVERSE LLC,
a Florida Limited Liability Company, d/b/a NITRO DRAGONS,
and ITAMAR MAKMAL, individually,

    Defendants.
_____/

## COMPLAINT

1. Plaintiff, WILLIAM "BILL" WHELAN (hereinafter referred to as "Plaintiff" and "WHELAN"), is an individual residing in Miami-Dade County, Florida.

2. At all times material to this Complaint, Defendants, ETERNITY BEACHWEAR & MARKET LLC (hereinafter referred to as "ETERNITY BEACHWEAR"), a Florida Limited Liability Company, ALISA UNIVERSE LLC, a Florida Limited Liability Company d/b/a NITRO DRAGONS (hereinafter referred to as "NITRO DRAGONS"), and ITAMAR MAKMAL, individually (collectively referred to as "Defendants"), have owned and operated, *inter alia*, a convenience store and hotel gift shop in the lower level of the "Hotel Majestic" located at 660 Ocean Drive, Miami Beach, Florida 33139, as well as a gelato shop on the ground floor of the "Starlite Motel" located at 750 Ocean Drive, Miami Beach Florida, 33139, all in Miami-Dade County, Florida within the jurisdiction of the Court.

3. At all times material to this Complaint, Defendants, ETERNITY BEACHWEAR and NITRO DRAGONS, directly or indirectly, acted in the interest of an employer toward Plaintiff and the other similarly situated employees, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and the other employees similarly situated to him.  Alternately, Defendants, ETERNITY BEACHWEAR and NITRO DRAGONS, and each of their respective divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Plaintiff and the other similarly situated employees because each, respective division, subsidiary or affiliate acted directly or indirectly in the interest of the other in relation to Plaintiff and the others similarly situated to him.  As a second alternative, Defendants, ETERNITY BEACHWEAR and NITRO DRAGONS, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Plaintiff because they commonly controlled the terms of compensation and employment of Plaintiff and the other similarly situated employees because Defendants are not completely disassociated with respect to the terms of compensation and employment of Plaintiff and the others similarly situated to him.  As a final alternative, Defendants, ETERNITY BEACHWEAR and NITRO DRAGONS, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, directly or indirectly acted in the interest of an employer toward Plaintiff and the other similarly situated employees at all material times to this Complaint, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and the others similarly situated to him.

4. Defendant, ITAMAR MAKMAL, at all times material to this Amended Complaint owned and managed ETERNITY BEACHWEAR and NITRO DRAGONS, and Defendant MAKMAL regularly exercised the authority to hire and fire employees including Plaintiff,

determined the manner in which Plaintiff and other employees were compensated, determined how Plaintiff and other employees' hours worked were tracked or recorded, set the rates of pay of Plaintiff and other employees, and/or controlled the finances and day-to-day management operations of ETERNITY BEACHWEAR and NITRO DRAGONS. By virtue of such control and authority, Defendant MAKMAL is an employer of Plaintiff and the other similarly situated employees as defined by the FLSA, 29 U.S.C. §203(d).

5. WHELAN was an employee of Defendants and brings this action on behalf of himself[1] and other current and former employees of Defendants similarly situated to Plaintiff for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b), as well as for alleged Retaliation against Plaintiff in violation of the FLSA, 29 U.S.C. §215, and the Florida Whistleblower Act, F.S. §448.102 *et seq*. It is the intent of this collective action to apply to all similarly situated non-exempt employees of Defendants, however variously titled, regardless of location.

6. In approximately March 2019, Defendants hired WHELAN to work as a non-exempt employee based upon the regular rate of $10.00 per hour at ETERNITY BEACHWEAR, Defendants' convenience store and hotel gift shop in the lower level of the "Hotel Majestic" located at 660 Ocean Drive, Miami Beach, Florida 33139, and NITRO DRAGONS, Defendants' gelato shop on the ground floor of the "Starlite Motel" located at 750 Ocean Drive, Miami Beach Florida, 33139.

7. At all times material to this Complaint, WHELAN was an employee of Defendants, ETERNITY BEACHWEAR, NITRO DRAGONS, and MAKMAL, within the meaning of the FLSA, 29 U.S.C. §203(e)(1).

---

[1] Attached hereto is a signed Consent to Join from WILLIAM WHELAN.

8. The facts and circumstances of the work WHELAN performed for Defendants, ETERNITY BEACHWEAR, NITRO DRAGONS, and MAKMAL, between approximately March 2019 and January 2020 reveal and confirm that Plaintiff was an employee of Defendants under the law, not an independent contractor, including but not limited to because:

    (a) Plaintiff worked on a permanent and continuous basis carrying out non-exempt duties in Defendants' retail stores each week;
    (b) Plaintiff was wholly dependent on Defendants for earning his livelihood between March 2019 and January 2020;
    (c) Plaintiff had no opportunity for profit or loss dependent upon any managerial skill of Plaintiff;
    (d) Defendants exercised direct and extensive control over the manner in which and times at which Plaintiff was required to perform work each day for Defendants;
    (e) the duties Plaintiff carried out on a daily basis in Defendants' retail stores did not require specialized skills by Plaintiff; and
    (f) Plaintiff's duties for Defendants were an integral part of Defendants' retail business.

9. At all times material to this Complaint, Defendants, ETERNITY BEACHWEAR, NITRO DRAGONS, and MAKMAL, were employers or a joint employer of WHELAN within the meaning of the FLSA, 29 U.S.C. §203(d).

10. Jurisdiction is conferred on this Court by 28 U.S.C. §216(b), 29 U.S.C. §1337 & §1367(a).

11. A substantial part of the events, giving rise to this action, occurred within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

12. At all times material to this Complaint including but not necessarily limited to during the years 2017, 2018, 2019, and 2020, ETERNITY BEACHWEAR and NITRO DRAGONS had two (2) or more employees who regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this

4

Complaint including but not necessarily limited to the years 2017, 2018, 2019, and 2020, ETERNITY BEACHWEAR and NITRO DRAGONS employed two (2) or more employees who, *inter alia*: (a) regularly handled, worked with, and sold goods and materials including but not limited to: yogurt, sodas, t-shirts, souvenirs, alcohol, cigarettes, and other convenience food products; (c) handled and worked with equipment such as computers/point of sale systems, nitrogen tanks, scoopers, dollies, and mops, all of which were goods and/or materials moved in or produced for commerce; and (d) regularly processed electronic bank transactions for payments by and for Defendants' customers through banks and merchant services companies processing payments between Florida and other States.

13. Based upon information and belief, the annual gross sales volume of ETERNITY BEACHWEAR and NITRO DRAGONS was in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years 2017, 2018, 2019, and 2020.

14. At all times material to this Complaint including but not necessarily limited to during the years 2017, 2018, 2019, and 2020, ETERNITY BEACHWEAR and NITRO DRAGONS have been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

15. During multiple work weeks between approximately March 2019 and January 2020, WHELAN regularly worked regularly worked an average of six (6) days per week for Defendants with start times of approximately 5:00 p.m. to 8:00 p.m. and with stop times of approximately 3:00 a.m. to 5:00 a.m., averaging approximately Forty-Eighty (48) hours per week.

16. However, Defendants failed to pay time and one-half wages for all of the hours WHELAN worked in excess of Forty (40) hours per week for Defendants between approximately March 2019 and January 2020, with Defendants instead paying Plaintiff's wages in cash (in a

5

brown paper bag that the cashier on duty at ETERNITY BEACHWEAR regularly handed to WHELAN each week, with straight-time wages at the rate of $10.00 per hour for Plaintiff's hours worked in excess of Forty (40) hours per week between approximately March 2019 and January 2020.

17. Likewise, based upon information and belief, Defendants have also failed to pay time and one-half wages for all of the hours worked by Defendants' other non-exempt employees, however variously titled, in one or more weeks within the three (3) year statute of limitations period between June 2017 and the present.

18. The additional persons who may become Plaintiffs in this action are Defendants' current and former non-exempt employees, however variously titled, who have worked for Defendants at any location during the three (3) year statute of limitations period between approximately January 2017 and the present being paid time and one-half wages for all of their hours worked in excess of Forty (40) hours per week as a result of Defendants' straight-time payment practice.

19. Subject to discovery, based upon Defendants owing WHELAN a total of approximately Three Hundred Thirty-Seven (337) overtime hours at the half-time rate of $5.00 per hour, Plaintiff's unpaid overtime wages total approximately **$1,685.00** [$5.00/hour x 337 OT hours = $1,685.00].

20. Based upon information and belief, Defendants have failed to maintain accurate records of the all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by WHELAN and other similarly situated non-exempt, hourly workers in Defendants' retail stores, however variously titled, during each week between approximately June 2017 and the present as required by the FLSA, 29 C.F.R. §516.2(a)(7).

21.     Despite Defendants having knowledge of the overtime hours worked each week by WHELAN and the other similarly situated employees, however variously titled, for the benefit of Defendants between approximately June 2017 and the present, Defendants nonetheless willfully failed to pay time and one-half wages for all overtime hours worked as required by the FLSA.

22.     Beginning in approximately July 2019 and continuing through January 2020, WHELAN made at least three (3) complaints to Defendant MAKMAL about: (a) Defendants paying WHELAN for fewer hours than Plaintiff had in fact worked each week—and thus being shorted hours altogether—although Defendant MAKMAL had at one time made up discrepancies from shortfalls in Plaintiff's earned regular wages; (b) Defendants failing to pay time and one-half wages for all of the hours worked by WHELAN and Defendants' other employees; and (c) Defendants engaging in business and employment practices which WHELAN in good faith believed were illegal including but not necessarily limited to: (i) Defendants not paying time and one-half wages for all hours worked in excess of Forty (40) hours per week as required by the FLSA; and (ii) Defendants engaging in deceptive practices by, *inter alia*, willfully failing to withhold and pay the employment taxes required by Federal and Florida state law on all of the actual wages of Plaintiff and Defendants' other employees and Defendants selling counterfeit goods, as Plaintiff complained to Defendant MAKMAL about in approximately December 2019 and January 2020.

23.     On or around January 20, 2020, Defendants unlawfully terminated WHELAN's employment in retaliation for Plaintiff's complaints about the compensation and business practices of Defendants which Plaintiff believed in good faith were unlawful practices, in violation of both the FLSA's and FWA's express prohibition against retaliation under 29 U.S.C. §215 and F.S. §448.102(3).

24. The fact that WHELAN engaged in activity protected by the FLSA and FWA was a motivating factor in Defendants' termination of Plaintiff's employment in January 2020, in violation of 29 U.S.C. §215 and F.S. §448.102(3).

## COUNT I
## RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

Plaintiff, WILLIAM WHELAN, readopts and realleges the allegations contained in Paragraphs 1 through 24 above.

25. The Fair Labor Standard Act (FLSA) defines "employee" as "any individual employed by an employer." 29 U.S.C. §203(e)(1).

26. The FLSA also defines "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C.§203(d).

27. The FLSA's anti-retaliation provisions at 29 U.S.C. §215(a) provide that "it shall be unlawful for any person—(3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act…"

28. When WHELAN in good faith objected and complained to Defendant MAKMAL between approximately July 2019 and January 2020 about Defendants' overtime compensation practices that Plaintiff in good faith believed were illegal, WHELAN engaged in activity protected by the Fair Labor Standards Act, 29 U.S.C. §215.

29. Defendants undertook retaliatory action against WHELAN in violation of 29 U.S.C. §215(a)(3) because of Plaintiff's objections and complaints to Defendant MAKMAL about Defendants' overtime compensation practices which Plaintiff in good faith believed were illegal, including but not necessarily limited to Defendants terminating WHELAN's employment in January 2020.

30. WHELAN's good faith objections and complaints to Defendant MAKMAL between approximately July 2019 and January 2020 about Defendants' overtime compensation practices that Plaintiff in good faith believed were illegal were a motivating factor behind Defendants' unlawful retaliation against WHELAN and the unlawful termination of Plaintiff's employment in January 2020, in violation of 29 U.S.C. §215(a)(3).

31. Defendants' violations of 29 U.S.C. §215(a)(3) were intentional and done with malice and reckless disregard for WHELAN's rights under the FLSA.

32. WHELAN has suffered lost wages, emotional distress, loss of self-esteem, and other injuries and damages as a direct result of Defendants' violations of 29 U.S.C. §215(a)(3).

33. WHELAN has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs as a result of Defendants' violations of 29 U.S.C. §215.

WHEREFORE, Plaintiff, WILLIAM WHELAN, demands judgment against Defendants jointly and severally, ETERNITY BEACHWEAR & MARKET LLC, ALISA UNIVERSE LLC d/b/a NITRO DRAGONS, and ITAMAR MAKMAL, for back pay, employment benefits, compensatory damages including, but not limited to, damages for intangible injuries, punitive damages, equitable relief including but limited to reinstatement or front pay, injunctive relief, interest, attorneys' fees, costs, and such other and further relief as this Honorable Court deems proper.

### COUNT II
### OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff, WILLIAM WHELAN, readopts and realleges the allegations contained in Paragraphs 1 through 24 above.

34. WHELAN is entitled to be paid time and one-half of his applicable regular rates of

9

pay for each hour Plaintiff worked for Defendants in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately March 2019 and January 2020.

35. All similarly situated non-exempt employees, however variously titled, of Defendants at any locations are entitled to be paid time and one-half of their applicable regular rates of pay for each hour they worked for Defendants in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately June 2017 and the present.

36. Defendants knowingly and willfully failed to pay WHELAN and the other non-exempt employees similarly situated to him at time and one-half of his applicable regular rates of pay for all hours worked for Defendant in excess of Forty (40) per week between approximately June 2017 and the present.

37. At all times material to this Complaint, Defendants had constructive knowledge and/or actual notice that Defendants' compensation practices did not provide WHELAN and the other similarly situated Employees, however variously titled, with time and one-half wages for all of their actual overtime hours worked between approximately June 2017 and the present based upon, *inter alia*: (a) Defendants' straight-time compensation practice, in cash; and (b) Defendants knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week.

38. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

39.     Defendants did not have a good faith basis for their failure to pay all of the overtime wages required by the FLSA for the full extent of the actual hours worked by WHELAN and Defendants' other Employees, however variously titled, in excess of Forty (40) hours per week in the work weeks between approximately June 2017 and the present, as a result of which Plaintiff and the other similarly situated employees are entitled to the recovery of liquidated damages from Defendants in an amount equal to his unpaid overtime wages from Defendants pursuant to 29 U.S.C. §216(b).

40.     WHELAN has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

WHEREFORE, Plaintiff, WILLIAM WHELAN, and any current or former employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment against Defendants, jointly and severally, ETERNITY BEACHWEAR & MARKET LLC, ALISA UNIVERSE LLC d/b/a NITRO DRAGONS, and ITAMAR MAKMAL, for the payment of all unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## COUNT III
## VIOLATIONS OF FLORIDA'S WHISTLEBLOWER ACT, F.S. §448.102

Plaintiff, WILLIAM WHELAN, readopts and realleges the allegations contained in Paragraphs 1 through 24 above.

41.     At all times material to this Complaint between approximately March 2019 and January 2020, WHELAN was an employee of ETERNITY BEACHWEAR & MARKET LLC and ALISA UNIVERSE LLC within the meaning of F.S. §448.101(2).

42. At all times material to this Complaint between approximately March 2019 and January 2020, ETERNITY BEACHWEAR & MARKET LLC and ALISA UNIVERSE LLC have been engaged in an industry affecting commerce and have had Ten (10) or more employees for each working day in each of Twenty (20) or more weeks in the current or preceding calendar year.

43. At all times material to this Complaint between approximately March 2019 and January 2020, ETERNITY BEACHWEAR & MARKET LLC and ALISA UNIVERSE LLC constituted an employer and/or joint employer of WHELAN within the meaning of F.S. §448.101(3).

44. Under Florida's Whistleblower Act, F.S. §448.102, an employer <u>may not</u> take any retaliatory personnel action against an employee because the employee has:

> (1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice.
>
> (2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer.
>
> **(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.**

45. When WHELAN objected to and complained to Defendant MAKMAL between approximately July 2019 and January 2020 about: (a) Defendants paying WHELAN for fewer hours than Plaintiff had in fact worked each week—and thus being shorted hours altogether—although Defendant MAKMAL had at one time made up discrepancies from shortfalls in Plaintiff's earned regular wages; (b) Defendants failing to pay time and one-half wages for all of

the hours worked by WHELAN and Defendants' other employees; and (c) Defendants engaging in business and employment practices which WHELAN in good faith believed were illegal including but not necessarily limited to: (i) Defendants not paying time and one-half wages for all hours worked in excess of Forty (40) hours per week as required by the FLSA; and (ii) Defendants engaging in deceptive practices by, *inter alia*, willfully failing to withhold and pay the employment taxes required by Federal and Florida state law on all of the actual wages of Plaintiff and Defendants' other employees and Defendants selling counterfeit goods, as Plaintiff complained to Defendant MAKMAL about in approximately December 2019 and January 2020, WHELAN engaged in protected activity within the meaning of Florida's Whistleblower Act, F.S. §448.102(3).

46. Defendants subjected WHELAN to "retaliatory personnel action" within the meaning of the Florida Whistleblower Act, F.S. §448.101(5), because of Plaintiff's opposition to and complaints to Defendants' employment and business practices which Plaintiff in good faith believed were illegal, including but not necessarily limited to Defendants terminating WHELAN's employment in January 2020, in violation of F.S. §448.102(3).

47. Defendants' termination of WHELAN's employment in January 2020 was undertaken in intentional retaliation against WHELAN because Plaintiff engaged in protected activity by complaining about and objecting to Defendants' compensation and business practices which Plaintiff in good faith believed were illegal, in violation of F.S. §448.102(3).

48. WHELAN in good faith believed that Defendants (i) not paying time and one-half wages for all hours worked by Plaintiff and other similarly situated employees of Defendants in excess of Forty (40) hours per week; (ii) failing to withhold and pay the employment taxes required by Federal and Florida state law on all of the actual wages Plaintiff and other employees; and (iii)

13

selling counterfeit goods were a violation of one or more "laws, rules, or regulations" within the meaning of the Florida Whistleblower Act, F.S. §448.101(4).

49.  One or more "laws, rules, or regulations" within the meaning of the Florida Whistleblower Act, F.S. §448.101(4), which were applicable to Defendants and pertained to Defendants' business between approximately March 2020 and January 2020 which WHELAN reasonably and in good faith believed Defendants were violating when Plaintiff complained to Defendant MAKMAL between approximately July 2019 and January 2020 include(s) but were not necessarily limited to: (a) the Fair Labor Standards Act, 29 U.S.C. §207; (b) Federal law and Florida's Reemployment Assistance, f/k/a Unemployment, Law, in violation of Florida's Whistleblower Act, F.S. §443.131(1); and (c) Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), F.S. §501.204

50.  The fact that WHELAN engaged in activity protected by the Florida Whistleblower Act between approximately July 2019 and January 2020 was a motivating factor in Defendants' "retaliatory personnel action" against WHELAN and Defendants' termination of Plaintiff's employment in January 2020, in violation of F.S. §448.102(3).

51.  WHELAN has suffered and continues to suffer lost earnings, emotional distress, loss of self-esteem and other injuries as a direct result of Defendants' violations of F.S. §448.102.

52.  Pursuant to F.S. §448.104, WHELAN is entitled to recover from Defendants his reasonable attorneys' fees and costs as a result of Defendants' violations of Florida's Whistleblower Act.

WHEREFORE, Plaintiff, WILLIAM WHELAN, demands judgment against Defendants, jointly and severally, ETERNITY BEACHWEAR & MARKET LLC and ALISA UNIVERSE LLC d/b/a NITRO DRAGONS, for back pay, employment benefits and other compensation

including bonuses, compensatory damages, emotional distress, equitable relief, including, but not limited to, reinstatement or front pay, interest, attorneys' fees, costs and such other and further relief as this Honorable Court deems proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated:  June 3, 2020                                    Respectfully submitted,

                                              By:    **KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail:  employlaw@keithstern.com
LAW OFFICE OF KEITH M. STERN, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Telephone:  (305) 901-1379
Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendants, **Eternity Beachwear & Market LLC, Alisa Universe LLC d/b/a Nitro Dragons, and Itamar Makmal**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

_William J. Whelan (Jun 3, 2020)_

**William "Bill" Whelan**